[1] As to the first ground upon which this motion to quash is based, we think the instrument on its face imports a pecuniary obligation, and therefore it was not necessary to allege that the instrument, if genuine, would have created, increased, diminished, or discharged any pecuniary obligation. See Horton v. State, 32 Tex. 79; Labbaite v. State, 6 Tex. App. 257; Morris v. State, 17 Tex. App. 660; Dooley v. State, 21 Tex. App. 549, 2 S. W. 884. It is drawn in the form that virtually all checks on banks are now given.

[2] It was not necessary to allege that "S. F. Hackney and son" was a firm. It has been so decided in a number of cases by this court.

[3] As to the third ground, to wit, that the indictment was bad because it did not allege that Hackney & Son, or Travis, or either, could have been injured, it is not tenable. It is not necessary to allege the name of the person to be defrauded. Labbaite v. State, 6 Tex. App. 257; Westbrook v. State, 23 Tex. App. 401, 5 S. W. 248; English v. State, 30 Tex. App. 470, 18 S. W. 94.

[4] As to the fourth ground, that it should have, by explanatory averments, alleged what was meant by "no/" just before the word "Dollars" in the check, we think the entire commercial world knows that it meant "no cents," and the check as written was an ordinary commercial instrument, and called for fifteen dollars—no more and no less. The words "For Goods" after the amount simply evidences that the check had been given for goods purchased. Forcy v. State, 60 Tex. Cr. R. 206, 131 S. W. 585, 32 L. R. A. (N. S.) 327.

[5] As to the remaining ground in the motion, it was not necessary to allege that the bank in question was incorporated or unincorporated; the bank not being the injured party. See Reeseman v. State, 59 Tex. Cr. R. 430, 128 S. W. 1127; Webb v. State, 39 Tex. Cr. R. 534, 47 S. W. 356; Lucas v. State, 39 Tex. Cr. R. 48, 44 S. W. 825; Usher v. State, 47 Tex. Cr. R. 97, 81 S. W. 309; Carter v. State, 55 Tex. Cr. R. 46, 114 S. W. 839; Brown v. State, 60 Tex. Cr. R. 505, 132 S. W. 790.

[6] The check being such an instrument as, if valid, would have created a legal obligation, and being properly described in the indictment, the court did not err in admitting it in evidence.

[7] The only other bill complains of the action of the court in not permitting defendant to prove by his witness Davis that one Croom told witness (Davis) that he had given defendant authority to sign the name of W. H. Travis to the check. This testimony was inadmissible because it was hearsay. If it was desired to make this proof, Croom should have been summoned. What he told a third party would not be admissible.

[8] The only other complaint is that the court erred in his charge to the jury wherein he instructed them that, if the defendant actually believed he had authority to sign to the check the name of W. H. Travis, to acquit, whereas the charge should have been that if he reasonably believed he had authority to sign the name to the check, he should be acquitted. There is no merit in this ground. The charge presented the theory of defendant affirmatively in a way he has no grounds for complaint. See article 540, White's Penal Code; Hatch v. State, 6 Tex. App. 384; Burge v. State, 32 Tex. Cr. R. 359, 23 S. W. 692; Sweet v. State, 28 Tex. App. 223, 12 S. W. 590; Williams v. State, 24 Tex. App. 342, 6 S. W. 531; McCay v. State, 32 Tex. Cr. R. 233, 22 S. W. 974.

Bills of exception Nos. 3, 4, and 5, referred to in the motion for new trial, are not contained in the record before us.

The judgment is affirmed.

---

WASHINGTON v. STATE.

(Court of Criminal Appeals of Texas.    May 7, 1913.)

CRIMINAL LAW (§ 1090*)—APPEAL—RECORD—SUFFICIENCY.

On appeal in a criminal case, where the record contains neither a bill of exceptions nor a statement of facts, the motion for a new trial presents nothing that can be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Emmett Washington was convicted of burglary, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J.    Appellant was prosecuted and convicted of burglary, and his punishment assessed at two years' confinement in the penitentiary.

As there is no bill of exceptions nor statement of facts in the record, there is nothing presented in the motion for new trial that we can review.

The judgment is affirmed.